## A. J. WRIGHT'S ADMR. v. DAVID GILLUM.

**Husband and Wife—Lands Purchased by Wife—Erroneous Conveyance to Husband.**

A deed from husband to wife, though technically invalid, is held good, where it is shown that the land embraced therein was paid for by the wife out of her patrimony and the deed made to the husband through mistake.

**Same—Creditors Suit—Lien Created by Payment by Wife.**

In a suit by a creditor to subject the lands in the name of the wife, conveyed to her by her insolvent husband, it is held that the wife will have a prior lien thereon for moneys she paid for the land out of her individual means.

**Same—Sales—Oppressive Costs.**

A sale of the lands upon which a lien is thus created, to reimburse the wife, is held unjudicial where the value of the land is shown to be no more than the price paid by the wife for which she holds a lien, and would create inconvenience and oppressiveness in its cost

APPEAL FROM TRIMBLE CIRCUIT COURT.

December 12, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

It seems to this court that the circuit court did not err in dismissing the appellant's petition as judgment creditor of the appellee David Gillum, to subject a tract of 30 acres of land, which had been conveyed to him by Elizabeth Bates, and afterwards conveyed by him to his co-appellee Mary Jane Gillum, his wife.

The husband resists the asserted equity by alleging that the land was bought at his wife's instance for a home for herself and six children, was paid for with her own separate means and ought to have been conveyed to her by Mrs. Bates.

The wife resists more emphatically on the same grounds, alleging that her l. sband and herself had no other ___ans of buying the land than a small patrimony which she then expected soon to realize from her father's estate, and which she received to her separate use about three years after the land was bought at $100, paid by her husband with money borrowed from one Barres in an-

ticipation of her patrimonial fund. And that she afterwards, with a portion of that fund which never came to her husband, paid to Barres the whole amount so loaned and its accruing interest of course; that Mrs. Bates conveyed the legal title to her husband instead of herself through mistake, and that she paid Barres in consideration of her husband's conveyance to herself. And the most essential of these allegations are sufficiently established by the testimony.

Now although the conveyance by the husband to his wife is technically invalid, yet the contract between them and her payment of the consideration may be available to rebut the asserted equity of the appellant and she would at least be entitled to a lien on the land for the money she paid for it and that, from the testimony, may be presumed equal to the present value of the land, an experimental sale of which for reimbursing her would be not only inconvenient but oppressive in its cost and probably altogether unavailing to the appellant.

A decree for such a sale would therefore have been improvident, and a reversal by this court would be more so.

Wherefore, the judgment is affirmed.

*DeHaven, for appellant.*

*Pryor & Chambers, for appellee.*